NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2602
_____

SOOK HEE LEE,
                                        Appellant

v.

JONATHAN KIM;
STATE OF NEW JERSEY;
ATTORNEY GENERAL NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ No. 2-14-cv-07560)
District Judge: Hon. Susan D. Wigenton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2016
_____

Before: GREENAWAY, JR., VANASKIE, and SHWARTZ, *Circuit Judges*.

(Filed: June 20, 2016)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Sook Hee Lee appeals the District Court's order dismissing her Amended Complaint challenging the validity of a New Jersey statute which requires that promises to provide financial support in the context of a non-marital personal relationship be in writing with the advice of counsel in order to be enforceable. For the reasons that follow, we conclude that Lee failed to plead facts in her Amended Complaint that could plausibly give rise to an entitlement to relief. Accordingly, we will affirm the judgment of the District Court.

I.

Sook Hee Lee and Jonathan Kim began dating in June of 2010. Approximately one year later, Lee became pregnant with Kim's child and, according to Lee, Kim orally promised to support her financially. After Lee gave birth to the child in March of 2012, Lee alleges that Kim presented a financial support arrangement to her and again orally promised to support her and the child. In May of 2014, however, after their romantic relationship dissolved, Kim offered Lee a "one-time buyout" of his financial obligations for a lump sum of $100,000, subject to a number of conditions.

Lee responded by filing a Complaint in the New Jersey Superior Court seeking: (1) palimony payments; (2) a child support modification; and (3) discovery of Kim's financials. Kim demanded that Lee withdraw her palimony claim, relying on a 2010 amendment to New Jersey's Statute of Frauds, known as the "Palimony Law,"[1] N.J. Stat. Ann. § 25:1-5, which states:

---

[1] "Palimony" refers to a financial support arrangement that is entered into by unmarried couples who have, or had, a marriage-like relationship.

No action shall be brought upon any of the following agreements or promises, unless the agreement or promise, upon which such action shall be brought or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized:

. . . .

h. A promise by one party to a non-marital personal relationship to provide support or other consideration for the other party, either during the course of such relationship or after its termination. For the purposes of this subsection, no such written promise is binding unless it was made with the independent advice of counsel for both parties.

N.J. Stat. Ann. § 25:1-5(h). New Jersey enacted the Palimony Law in order to "provid[e] greater clarity in the enforcement of palimony agreements." (App. 400.) Following Kim's demand, Lee withdrew her Complaint in the New Jersey Superior Court.

On December 3, 2014, Lee brought this lawsuit in the United States District Court for the District of New Jersey against Kim and the State of New Jersey, challenging the constitutionality of the Palimony Law pursuant to 42 U.S.C. § 1983. Specifically, Lee asserted that the Palimony Law: (1) infringed upon her right to free speech; (2) denied her equal protection under the law; and (3) violated her constitutional right to privacy.[2] On January 12, 2015, New Jersey filed a motion to dismiss the Complaint, asserting Eleventh Amendment immunity. Lee responded by filing a "Cross-Motion for Summary Judgment and for Judgment on the Pleadings" on January 28, 2015. (App. 78.) On April 1, 2015, New Jersey filed a brief in opposition to Lee's motion, and in further support of its motion to dismiss, arguing again that it was immune from suit under the Eleventh

---

[2] Lee also contended that the Palimony Law infringed upon her right to make contracts. Lee, however, does not pursue this claim on appeal.

3

Amendment and that Lee's Complaint failed to state a claim upon which relief could be granted. Thereafter, Lee filed a motion for leave to amend her Complaint, seeking to substitute the acting Attorney General of New Jersey as a defendant in place of the State of New Jersey. On May 11, 2015, Kim also filed a motion to dismiss.

On June 17, 2015, the District Court heard oral argument on New Jersey's motion to dismiss, Kim's motion to dismiss, and Lee's motion for summary judgment. The District Court proceeded as if Lee's Complaint had been amended to substitute the acting Attorney General of New Jersey as the proper defendant.[3] The District Court did not analyze Lee's claims in detail, except for her Equal Protection claim, which the District Court concluded should be analyzed under rational basis review because Lee did not assert she was a member of a protected class. After the completion of the parties' arguments, the District Court issued a ruling from the bench, denying Lee's motion for summary judgment and granting the motions to dismiss the Amended Complaint.[4] Thereafter, Lee timely filed this appeal.

---

[3] On appeal, Lee proceeds as if her claims are directed at the Attorney General of New Jersey, not the State of New Jersey. As such, this opinion will treat all claims against the State of New Jersey as dismissed and only address Lee's claims as they relate to the Attorney General of New Jersey.

[4] In granting Kim's motion to dismiss, the District Court concluded "[t]here's nothing that's been presented to the Court in its pleadings . . . that would indicate that he somehow has acted under color of state law and would therefore be subject to any violations or be deemed to have violated anything under [§] 1983." (Oral Arg. Tr. at 21–22.) The Court's dismissal as to Kim was summarily affirmed by this Court and will not be further addressed in this opinion. *See* Order, September 10, 2015, *Lee v. Kim*, No. 15-2602 (3d Cir. 2015).

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). In considering a Rule 12(b)(6) motion, we "are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014) (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)). "However, . . . we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 n.2 (3d Cir. 2016).

## III.

"Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps." *Id.* at 787 (footnote omitted). First, the reviewing court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Finally, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**A. Step One: Noting the Elements Necessary to State a Claim**

The first step requires the reviewing Court to take note of the elements the plaintiff must plead to state a claim. To state a claim under § 1983, a plaintiff must "prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Here, Lee complains she is deprived of her right to free speech, her right to equal protection under the law, and her constitutional right of privacy. Because the Attorney General of New Jersey's enforcement of the Palimony Law is accomplished under the color of state law, Lee's claims will survive if she pleads sufficient factual allegations "to raise a reasonable expectation that discovery will reveal evidence" that she was deprived of any of these rights. *See Connelly*, 809 F.3d at 789 (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

**B. Step Two: Identifying and Excluding Conclusory Allegations**

"At the second step in our pleading analysis, we identify those allegations that, being merely conclusory, are not entitled to the presumption of truth." *Id*.; *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (In reviewing the sufficiency of a complaint under Rule 12(b)(6), "we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."). In our plenary review of the motion to dismiss, we find the following allegations are mere legal conclusions: (1) that the Palimony Law "impairs plaintiff's rights to free speech, to family planning, and

6

privacy rights" (App. 409); (2) that the Palimony Law "is a content based restriction which invades plaintiff's family planning rights and privacy rights of the most intimate matters" (App. 410); (3) that "by the continuing effectiveness and validity of the [Palimony Law], plaintiff is denied equal protection of the laws under the U.S. Constitution" (App. 411); and (4) that "by the continuing effectiveness and validity of the [Palimony Law], plaintiff is denied her privacy rights relating to familial matters under the U.S. Constitution" (App. 411).  Because these allegations are "mere legal conclusions," they will be discounted.  *Connelly*, 809 F.3d at 790.

**C. Step Three: Construing the Allegations in Lee's Favor**

The final step in our analysis is to take the remaining allegations in the complaint, "assume their veracity[,] and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. at 787 (quoting *Iqbal*, 556 U.S. at 679).  When stripped of its legal conclusions, Lee's Amended Complaint consists of the following allegations: (1) background facts about Lee's and Kim's relationship, and the lawsuit Lee filed in New Jersey Superior Court; (2) statistics regarding the prevalence of childbirth out of wedlock in the United States; (3) an analysis of the origins of enforcing palimony agreements in New Jersey; (4) statements from the New Jersey legislature and New Jersey Governor at the time the Palimony Law was enacted; (5) an analysis of New Jersey case law concerning the retroactivity of the Palimony Law; and (6) lengthy quotations from *Stilp v. Contino*, 613 F.3d 405 (3d Cir. 2010), concerning First Amendment legal principles. Even accepting these allegations as true, we find that they do not plausibly give rise to an

7

entitlement to relief for infringing Lee's right to free speech, denying Lee equal protection under the law, or violating Lee's constitutional right to privacy.

First, when the Amended Complaint is stripped of Lee's conclusory allegation that the Palimony Law is "a content based restriction" (App. 410), it contains no factual allegations concerning how the Palimony Law prohibits, compels, or restricts speech in any way. Lee's Amended Complaint contains no allegations from which we could plausibly conclude that the Palimony Law compels Lee to say anything, prevents Lee from saying anything, or restricts the manner of Lee's speech. Quite simply, the Palimony Law "neither limits what [Lee] may say nor requires [Lee] to say anything" and there are no allegations in Lee's Amended Complaint from which we could plausibly conclude otherwise. *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 60 (2006). Accordingly, Lee's Amended Complaint fails to state a First Amendment claim upon which relief can be granted.

Second, with respect to the Equal Protection claim, Lee's Amended Complaint does not allege intentional discrimination. *See Hassan v. City of New York*, 804 F.3d 277, 294 (3d Cir. 2015) ("To state an equal-protection claim, Plaintiffs must allege (and ultimately prove) 'intentional discrimination.'" (quoting *Washington v. Davis*, 426 U.S. 229, 241 (1976))). Additionally, because Lee does not allege that she is a member of a "suspect" or "quasi-suspect" class, her claim would be subject to rational basis review. *See id.* at 298–99. Lee would not plausibly be entitled to relief under this standard because, as the District Court observed, the Palimony Law is "extremely rationally related to the end goal" (Oral Arg. Tr. at 23), of "providing greater clarity in the

8

enforcement of palimony agreements" (App. 400). *See F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) (holding that a law survives rational basis review so long as there is "any reasonably conceivable state of facts that could provide a rational basis for the classification"). Accordingly, Lee's Amended Complaint fails to state an equal protection claim upon which relief can be granted.

Finally, Lee's Amended Complaint contains no factual allegations concerning how the Palimony Law infringes upon her constitutional right to privacy. The constitutional right to privacy encompasses "the interest in independence in making certain kinds of important decisions." *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 178 (3d Cir. 2005) (quoting *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000)). This includes "matters relating to marriage, procreation, contraception, family relationships, and parental child rearing and education decisions." *Malleus v. George*, 641 F.3d 560, 565 (3d Cir. 2011). Lee's Amended Complaint contains no allegations concerning how the Palimony Law invades upon her autonomy in making decisions on these matters, or how it usurps Lee's ability to make decisions concerning a palimony agreement. To the contrary, Lee is still free to enter into any palimony arrangement she desires, on whatever terms she and the other party agree. The Palimony Law only requires Lee to memorialize an agreement with the advice of counsel if she wishes to enforce that agreement in a New Jersey court. Accordingly, Lee's Amended Complaint fails to state a constitutional right of privacy claim upon which relief can be granted.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

9